IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| AUI MANAGEMENT LLC and ) | | |
| JEFF CALLAHAN ) | | |
| ) | | |
| v. ) | NO. 2:11-0121 | |
| ) | | |
| U.S. DEPARTMENT OF AGRICULTURE, an ) | | |
| Agency of the United States of America; FARM ) | | |
| SERVICES AGENCY, an agency of the United ) | | |
| States of America; and, VAL DOLCINI, in his ) | | |
| official capacity as Administrator of the ) | | |
| Farm Services Agency ) | | |

To: Honorable Kevin H. Sharp, Chief District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

This civil action is before the Magistrate Judge for pretrial management in accordance with Local Rule 16.01. *See* Docket Entry No. 47. For the reasons set forth below, the Court recommends that this action be dismissed.

## I. BACKGROUND

On December 12, 2011, Plaintiffs AUI Management, LLC ("AUI") and Jeff Callahan ("Callahan"), the President and owner of AUI, (hereinafter referred to collectively as "Plaintiffs") filed this lawsuit against the United States of America, on behalf of Defendants United States Department of Agriculture ("USDA"), the Farm Service Agency ("FSA"), and Bruce Nelson ("Nelson") (hereinafter referred to collectively as "Defendants").

The genesis of Plaintiff's lawsuit was that they had been suspended from federal contracting on a government-wide basis on May 18, 2011, after the conclusion of administrative proceedings on the matter. By their lawsuit, they seek judicial review of the suspension pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 701-706, and a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202. Plaintiffs contend Defendants acted arbitrarily and capriciously in suspending them and ultimately upholding the suspension decision on appeal and that they have suffered, and will continue to suffer, significant harm because of the suspension. *See* Amended Complaint (Docket Entry No. 39).

Pre-trial proceedings have occurred in the action, and the administrative record has been filed with the Court. *See* Docket Entry Nos. 33-36. By Order entered March 23, 2105 (Docket Entry No. 47), the Court denied Defendants' Motion to Dismiss (Docket Entry No. 41), in which they contended that the suspension was terminated after a one year period, thus rendering Plaintiffs' claims moot and depriving Plaintiffs from standing and the Court from subject matter jurisdiction over the action.

Upon the denial of Defendants' motion to dismiss, further case management proceedings were scheduled. However, counsel for Plaintiffs moved to withdraw from the case on June 30, 2015. *See* Docket Entry No. 51. While the motion to withdraw was pending, a case management conference was held before the Magistrate Judge on September 1, 2015 ("September 1, 2015 CMC"), at which both Plaintiffs' counsel and Plaintiff Callahan appeared. At the September 1, 2015 CMC, Callahan stated that he anticipated either retaining new counsel within the next 30 to 60 days or satisfying the conditions upon which current counsel would continue to represent him within the

next 60 to 75 days and, in accordance with this representation, the Court entered the following directive:

> A status conference/case management conference is scheduled for December 1, 2015, at 11:00 a.m., for an update on Plaintiffs' efforts to retain counsel and to address any other matters as appropriate. If Mr. Farmer remains as counsel for Plaintiffs and/or new counsel has entered an appearance on behalf of Plaintiffs, then the hearing may be conducted by telephone, with the call being initiated by counsel for Defendants. If no counsel has appeared on behalf of Plaintiffs, then the hearing will be conducted in Courtroom 764. In that event, Mr. Callahan will be expected to appear as well as counsel for Defendants, except that Mr. Canter may appear by telephone as long as AUSA Wildasin appears in person.
>
> Plaintiffs' counsel of record shall forward a copy of this Order to Jeff Callahan by whatever means are reasonably calculated to reach him. Plaintiffs' counsel shall also provide the Court with an updated mailing address for Jeff Callahan.

*See* Order entered September 4, 2015 ("September 4, 2015 Order") (Docket Entry No. 60), at 2.

By Order entered September 9, 2015 ("September 9, 2015 Order"), the Court permitted Plaintiffs' counsel to withdraw. *See* Docket Entry No. 61. After advising Plaintiffs that Plaintiff AUI, as a corporate entity, could appear only through licensed counsel, the Court specifically directed that, within forty-five (45) days: 1) Plaintiff AUI secure substitute counsel and have that counsel appear on its behalf; and 2) Plaintiff Callahan secure new counsel or notify the Court that he intends to appear *pro se*. *Id*.

Neither Plaintiffs has had an appearance entered on their behalf, and Plaintiff Callahan also did not make any filing indicating that he intended to proceed *pro se*. At the case management conference held on December 1, 2015 ("December 1, 2015 CMC"), Plaintiff Callahan did not appear, nor did any counsel appear on his behalf or on behalf of Plaintiff AUI. *See* Order entered December 3, 2015 (Docket Entry No. 64) ("December 3, 2015 Order"). At the conference, Defendants' counsel moved that the action be dismissed with prejudice. *Id*. at 2, n.1.

3

## II. ANALYSIS

The Court provided Plaintiffs with an initial forty-five (45) day period within which to obtain substitute counsel. The Court then effectively provided Plaintiff with an additional thirty-eight (38) day period prior to the December 1, 2015 CMC within which time Plaintiff could have obtained counsel to represent them. However, to date both Plaintiffs remain unrepresented by counsel, and Plaintiff Callahan has not taken any steps to indicate his desire to represent himself in a *pro se* capacity.

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), the Court may dismiss an action as a sanction. In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) (*per curiam*); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

Although the Court acknowledges the difficult situation in which Plaintiffs were placed when their counsel withdrew from representing them, dismissal of the instant action pursuant to Rule 16(f)(1) and Rule 41(b) is warranted because of Plaintiffs' failure to comply with the specific directives from the Court regarding the status of their representation by counsel in the action. Plaintiff Callahan failed to comply in any manner with the directive from the Court in the

September 9, 2015 Order that he either obtain representation or file notice of his intent to proceed *pro se* and with the directive from the Court in the September 4, 2015 Order that he appear at the December 1, 2015 CMC if he had not obtained counsel by the time of the conference. Further, the Court simply cannot overlook the fact that Plaintiff AUI is a corporate entity that does not have counsel of record representing it in this action. *See United States v. Vehicle 2007 Mack 600 Dump Truck, VIN 1M2K189C77M036428*, 680 F.Supp. 2d 816, 825 (E.D. Mich. 2010); *Dove Air, Inc. v. Joda, LLC*, 2011 WL 4712316 (W.D. N.C. Oct. 6, 2011). Dismissal of the action is also appropriate in light of the impasse in proceedings caused by Plaintiffs' failure to obtain representation and by Plaintiff Callahan's failure to take steps to prosecute the action *pro se*. *See Vesely v. Cuyahoga Metro. Hous. Auth.*, 130 F.R.D. 83, 85 (N.D. Ohio 1990). Neither the Court nor Defendants should be required to expend further resources in the action without Plaintiffs taking the steps necessary for them to prosecute the action going forward. Further, given the threshold nature of the issue, a lesser sanction than dismissal is not warranted. However, the Court does not agree that dismissal with prejudice, as requested by Defendants, is an appropriate sanction given the facts presented by the case.

## RECOMMENDATION

Based upon the foregoing, the Court respectfully RECOMMENDS that this action be DISMISSED in its entirety pursuant to Rules 16(f)(1) and 41(b) of the Federal Rules of Civil Procedure.[1]

---

[1] The 14 day period for filing objections to this Report and Recommendation provides Plaintiffs with notice of the recommended sanction and gives Plaintiffs yet another opportunity to indicate their interest in prosecuting this case and obtaining representation.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

          Respectfully submitted,

          BARBARA D. HOLMES
          United States Magistrate Judge