| | |
|---|---|
| **AUI MANAGEMENT LLC and** ) | |
| **JEFF CALLAHAN** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **No. 2:11-0121** |
| ) | **Judge Sharp** |
| **U.S. DEPARTMENT OF** ) | |
| **AGRICULTURE, an Agency of the** ) | |
| **United States of America; FARM** ) | |
| **SERVICES AGENCY, an agency of the** ) | |
| **United States of America; and,** ) | |
| **VAL DOLCINI, in his** ) | |
| **official capacity as Administrator of the** ) | |
| **Farm Services Agency,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

The Magistrate Judge has entered a Report and Recommendation "R & R" (Docket No. 66)

recommending that this action be dismissed without prejudice because of Plaintiffs' failure to comply

with directives and orders from the Court. More specifically, the Magistrate Judge observed in the R

& R:

> The Court provided Plaintiffs with an initial forty-five (45) day period within which to
> obtain substitute counsel. The Court then effectively provided Plaintiff with an
> additional thirty-eight (38) day period prior to the December 1, 2015 CMC [Case
> Management Conference] within which time Plaintiff[s] could have obtained counsel to
> represent them. However, to date both Plaintiffs remain unrepresented by counsel, and
> Plaintiff Callahan has not taken any steps to indicate his desire to represent himself in
> a pro se capacity.

(Id. at 4).

The R & R was entered on December 8, 2015 and provided that any objections were to be filed

within fourteen days, and that the objections "must state with particularity the specific portions of this

Report and Recommendation to which objection is made." (Id. at 6). Plaintiffs did not file objections

within the time provided. Rather, on January 15, 2016, Plaintiff Jeffrey Callahan filed a "Motion" in which he asserts that he "ha[s] not been able to obtain new counsel," but that he is "able and willing to represent [him]self, *pro se.*" (Docket No. 74 at 1). In an accompanying "Motion for Notice," Plaintiff Callahan states that he "wishes to represent himself in this matter," and "plan[s] to have new counsel in place no later than 2-14-16."

Plaintiff's Motion is not a proper objection, nor does it explain why Plaintiff ignored the very clear instructions from Court. Rather, Plaintiff Callahan disregarded not only the instructions relating to the substitution of counsel or his intention to proceed *pro se*, he ignored the directive that any objections were to be filed within fourteen days.[1] It is precisely because Plaintiff Callahan's refused to follow instructions that the Magistrate Judge recommends dismissal, and this Court concurs in that recommendation.

Plaintiff's Motion (Docket No. 74) is DENIED. The R & R (Docket No. 66) is ACCEPTED and APPROVED and this case is hereby DISMISSED WITHOUT PREJUDICE.

The Clerk of the Court shall enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Plaintiff has attached USPS green cards which show a delivery date for the R & R on January 4, 2016. However, when delivery is by mail, there is a presumption that the delivery occurs within three days of mailing. See Jenkins v. City of San Antonio Fire Dep't, 784 F.3d 263, 267 (5th Cir. 2015); Goldsby v. James, 580 F. App'x 685, 687 (10th Cir. 2014). Presumably January 4 is the day Plaintiff picked up the mail from his post office box at the Cookeville post office. He has presented nothing which suggests that the R & R was not delivered within the presumed three day period. Even if he had, this would not explain his failure to comply with the Magistrate Judge's prior instructions.